IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEWIS WEIMER,

                  Plaintiff(s),                      07cv0671

                                                  **ELECTRONICALLY FILED**

    v.

B.I. VANORSDALE, JOSEPH MANCHINI,

                  Defendant(s).

**MEMORANDUM AND ORDER OF COURT**

Plaintiff Daniel Lewis Weimer has filed a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), attaching a "Complaint First Part" against the Governor of West Virginia, Joseph Mancini, and B.I. Vanorsdale, designated only as "Officer." Complaint (doc. no. 1-02). According to plaintiff, "Officer C S Pauley" pulled his "truck off the higher to check the weight and other markings," failed to acknowledge the farm exemption number on the truck drives side door," arrested him and took him to the West Virginia State Police Martinsburg Barracks, and issued tickets to him under the "West Virginia Vehicle Code." Complaint, ¶¶ 1-2, 7-8.

Previously, plaintiff had filed a similar complaint against the Governor of West Virginia and an "Officer of the West Virginia Motor Carrier Enforcement," Officer B.I.Vanorsdale, who, plaintiff alleges, stopped him on a road in West Virginia on September 12, 2006, issued him four tickets for alleged violations of West Virginia's Vehicle Code, handcuffed and arrested him. Weimer v. Vanorsdale, Civil Action No. 06-1397 (W.D.Pa.). Because this Court had "serious doubts about whether he will be able to state a viable federal claim," the Court issued a Rule to Show Cause" requiring that plaintiff "file an Amended Complaint stating more specifically the

factual basis for his civil rights and tort claims, or otherwise show cause why this case should not be dismissed." Plaintiff thereafter filed an Amended Complaint which, like the initial Complaint and Statement of Facts, was vague and cryptic, and which did not alleviate this Court's concerns about plaintiff's ability to support a federal civil rights claim.

Nevertheless, out of an abundance of caution, the Court ruled that, "given the liberal standards for pleading and the leeway afforded *pro se* plaintiffs, the Court declines to dismiss plaintiff's case *sua sponte*, and will await further developments, such as plaintiff's timely service of process on the defendants, and defendants' responses by way of answer, motion to dismiss or other appropriate pleadings or motions." Subsequently, the Court dismissed the case for failure to prosecute because he never served his Amended Complaint on defendants. Order of March 30, 2007 (Civil Action No. 06-1397, doc. no. 7).

In his current vague and cryptic complaint, plaintiff alleges that Officers C S Pauley and Vanorsdale are harassing him, that they have no authority to "stop a farm vehicle that is . . . delivering a farm commodity," and that this harassment presents a "Federal question, being that Officer C S Pauley and Officer Vanorsdale are employed by the Federal government through the State of West Virginia." Complaint, ¶¶ 8-10.

This Court is required to review plaintiff's complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).[1] Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title

---

1        Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915, deals with prisoners since the Prison Litigation Reform Act of 1995, section 1915(e)(2) is not limited to prisoner suits. Powell v. Hoover, 956 F.Supp. 564 (M.D.PA. 1997). McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (the screening process provided under §1915(e)(2) is applicable both to non- prisoners and prisoner cases.)

28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Legally frivolous complaints include: (1) those based upon an indisputably meritless legal theory; and (2) those with factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).[2]  A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).  Although the Court construes IFP complaints liberally, particularly in the context of dismissal on the basis of frivolousness, the Court is bound by the allegations of the complaint.

---

2 *See also* Denton v. Hernandez, 504 U.S. 25 (1992) (an IFP complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact); Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995) (court may dismiss *in forma pauperis* claim as "frivolous" if it determines that the claim is:  (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial).

If plaintiff has been issued citations in West Virginia, he will have every opportunity to make his defenses in proceedings in the state courts of West Virginia, and because he has made no averments that might conceivably support federal question jurisdiction under 28 U.S.C. §1331, this Court will dismiss his complaint *sua sponte* as jurisdictionally frivolous.

The Clerk of Court shall mark this case as **CLOSED.**

**SO ORDERED** this 5th day of June, 2007

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:

Daniel Lewis Weimer
235 Owl Hollow Road
Ligonier, PA 15658